IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

ANGEL SANDOVAL RIOS,              )        No. CV-F-05-644 REC/SMS
                                  )
                                  )        ORDER GRANTING IN PART AND
                                  )        DENYING PART DEFENDANTS'
            Plaintiff,            )        MOTION TO DISMISS OR FOR
                                  )        MORE DEFINITE STATEMENT AND
      vs.                         )        DIRECTING PLAINTIFF TO FILE
                                  )        FIRST AMENDED COMPLAINT
                                  )
CITY OF FRESNO, et al.,           )
                                  )
                                  )
            Defendant.            )
                                  )
_____ )

      On June 27, 2005, the court heard defendants' motion to

dismiss or for more definite statement.

      Upon due consideration of the record and arguments of the

parties, the court grants this motion in part and denies it in

part for the reasons set forth herein.[1]

_____

      [1]Because plaintiffs' opposition to the motion to dismiss was
untimely filed, defendants argues that the court should disregard
plaintiffs' opposition to the motion to dismiss.  Pursuant to Rule
78-230, Local Rules of Practice, plaintiffs' opposition to the
motion should have been filed on June 13.  However, it was not
filed until June 16 at 4:15 p.m.  The opposition was served by mail
on defendants on June 15 and received by defendants on June 16.

1

Plaintiff, Angel Sandoval Rios has filed a Complaint for Damages against defendants City of Fresno, the Fresno Police Department, Alfred Campos, Ron Manning and Does 1-100.  The Complaint alleges in pertinent part:

> 11.  On March 20, 2004, Plaintiff had been driving a chartered bus owned by Villa Express.
>
> 12.  Villa Express had contracted with Betty Gerardin, for the purposes of providing transportation to a group of approximately 40 retirees.  The group's itinerary revolved around a visit to the Mission at. [sic]
>
> 13.  At approximately 9:00 p.m. and after returning from a trip to San Juan Capistrano, Plaintiff drove into the parking lot of the headquarters for the Catholic Diocese of Fresno.
>
> 14.  The Catholic Diocese of Fresno is located about 100 feet southwest from where freeway 41 and McKinley Avenue intersect.  The Catholic Diocese of Fresno occupies the northeast section of San Joaquin Memorial High School.
>
> 15.  Plaintiff entered the parking lot of the Catholic Diocese and noticed that a number of Fresno Police Department squad cars were directly behind him as they had activated their overhead lights in order to conduct a routine traffic stop.

---

Rule 78-230(c) provides that "[n]o party will be entitled to be heard in opposition to a motion at oral argument if opposition to the motion has not been timely filed by that party." [Emphasis added].  Therefore, the rule does not allow this court to disregard plaintiff's written opposition in resolving the motion to dismiss.  Consequently, defendant's request that the court "disregard" the written opposition is not allowed by the rule.  However, plaintiff is advised that it is his obligation to timely comply with court orders, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  Failure to do so may result in the imposition of sanctions, including the sanction of dismissal.

16.  Once stopped, Defendants CAMPOS and MANNING approached Plaintiff and asked Plaintiff to exit the bus, which he did.

17.  Plaintiff asked Defendants CAMPOS and MANNING what their purpose was for the traffic stop.

18.  Defendants CAMPOS and MANNING responded that a 'tipster' informed them he had seen Plaintiff conducted [sic] an unsafe lane change.

19.  Plaintiff was then asked by Defendant CAMPOS for his driver's license.  Plaintiff obliged.

20.  The driver's license which was presented to Defendant CAMPOS was a temporary license because Complainant [sic] had yet to receive his *actual* driver's license in the mail.

21.  Plaintiff has a valid license to operate the bus in question.

22.  Soon thereafter, Plaintiff was told by Officers that he should sit down.

23.  Plaintiff asked 'Why?' he should sit, as he posed no threat (neither physically, nor in terms of flight) to the responding officers which now numbered over 8 uniformed police officers.  (It should also be noted that there were at least five Fresno Police Patrol units dispatched to the scene.  There was also a police helicopter hovering over the scene.)

24.  Defendant CAMPOS informed Plaintiff that if he did not sit down, he would be arrested for resisting arrest.

25.  Soon thereafter, Defendant CAMPOS grabbed Plaintiff's left arm and tried to place it behind his back.

26.  Defendant CAMPOS forcibly bent Plaintiff's arm in such a way as to cause him to 'stiffen' his arm.

27.  Defendant CAMPOS and MANNING interpreted

3

1          this 'stiffening' as a sign of resistance.

2          28.  Immediately thereafter Plaintiff was
           subjected to the use of a taser gun.
3
           29.  Plaintiff fell to the ground, causing
4          him to slam his head on the asphalt.

5          30.  Plaintiff laid there motionless while
           police proceeding [sic] to roll him on his
6          stomach and handcuff him.

7          31.  Plaintiff had to be taken to University
           Medical Center to treat the injuries (more
8          particularly described below) sustained as a
           result of the tazing.
9
           32.  Plaintiff was arrested and charged with
10         the crime of resisting, obstructing, and
           delaying an officer in violation of Penal
11         Code Section 148(a)(1).

12         33.  Plaintiff was also charged with the
           crime of unlawful turning movement, in
13         violation of Vehicle code Section 22107.

14    The Complaint alleges the following causes of action:

15         1.  First Cause of Action - unlawful arrest,  and

16    prosecution in violation of 42 U.S.C. §§ 1983 and 1986 and

17    California Civil Code §§ 43, 51.7 and 52.1;

18         2.  Second Cause of Action - false arrest and

19    imprisonment in violation of the Fourteenth Amendment to the

20    United States Constitution, Article One, Sections One and Seven

21    of the California Constitution, and California Civil Code §§ 43

22    and 52.1;

23         3.  Third Cause of Action - for interference with civil

24    rights under the Tom Banes Civil Rights Act;

25         4.  Fourth Cause of Action - for intentional infliction

26    of emotional distress;

                                  4

1      5.   Fifth Cause of Action - for negligence per se;

2      6.   Sixth Cause of Action - for negligent infliction of

3  emotional distress and negligence;

4      7.   Seventh Cause of Action - for assault and battery;

5      8.   Eighth Cause of Action - for negligence.

6  A. <u>Standards Governing Motion to Dismiss</u>.

7      Rule 8(a)(2), Federal Rules of Civil Procedure, requires

8  that a pleading set forth a short and plain statement of the

9  claim showing that the pleader is entitled to relief.  Under Rule

10  8(a)(2), a pleading must give fair notice and state the elements

11  of the claim plainly and succinctly.  <u>Jones v. Community</u>

12  <u>Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).   A

13  complaint that is verbose, conclusory and confusing does not

14  comply with Rule 8(a)(2).  <u>Nevijel v. North Coast Life Ins. Co.</u>,

15  651 F.2d 671, 674 (9th Cir. 1981).  A complaint should not be

16  dismissed unless, after all of plaintiff's allegations of

17  material fact are accepted as true, it appears beyond doubt that

18  the plaintiff can prove no set of facts which would entitle him

19  to relief.  In addition, "in apprising the sufficiency of the

20  complaint we follow ... the accepted rule that a complaint should

21  not be dismissed for failure to state a claim unless it appears

22  beyond doubt that the plaintiff can prove no set of facts in

23  support of his claim which would entitle him to relief."  <u>Conley</u>

24  <u>v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  However, before a district

25  court's dismissal of a complaint without leave to amend will be

26  affirmed, the district court must have first adopted less drastic

alternatives, such as advising plaintiff of the deficiencies in
the pleading and giving leave to amend to correct them.  Id.

B.   State Law Tort Causes of Action.

Defendants move to dismiss the state law tort causes of
action on a number of grounds, each of which will be discussed
under separate heading.

1.   Pleading Statutory Basis.

In Lopez v. Southern Cal. Rapid Transit Dist., 40 Cal.3d
780, 795 (1985), the California Supreme Court ruled:

> Ordinarily, negligence may be pleaded in
> general terms and the plaintiff need not
> specify the precise act or omission alleged
> to constitute a breach of duty.  However,
> because under the Tort Claims Act all
> governmental tort liability is based on
> statute, the general rule that statutory
> causes of action must be pleaded with
> particularity is applicable.  Thus, to state
> a cause of action against a public entity,
> every fact material to the existence of its
> statutory liability must be pleaded with
> particularity.

Defendants argue that this law means that plaintiffs who sue
a public entity/public employee for damages under California law
must satisfy a heightened pleading standard by alleging the
correct statute establishing the mandatory duty and the statute
that declares the government liable.  Defendants contend that
plaintiff has failed to plead a statutory basis for any of the
state law tort claims which would permit them to be pleaded
against a public entity or employees of that public entity.

The court does not agree with defendants' position and
denies defendants' motion to dismiss on this ground.  Federal

6

1   law, rather than state law, sets the standard for dismissal under

2   Rule 12(b)(6).  When the issue is whether a complaint states a

3   claim for relief under California law, the standard for dismissal

4   under California law is relevant but is not controlling.  <u>See</u>

5   <u>Church of Scientology of California v. Flynn</u>, 744 F.2d 694, 696

6   n.2 (9th Cir. 1984).

7         2.  <u>Failure to Plead Required Elements</u>.

8      Defendants further contend that plaintiff "has completely

9   failed to properly plead the required elements for each of the

10   eight State-law torts ... and to allege with particularity which

11   defendant she [sic] is suing for each of these torts ... [and

12   has] likewise failed to plead any of the required elements for

13   causes of action under California Civil Code sections 43 and

14   52.1."

15      This is the entire extent of this aspect of defendants'

16   motion.  Nowhere do defendants describe the respective elements

17   or delineate which ones have not been pleaded.  Such a conclusory

18   motion is of no use to the court in determining whether the

19   motion to dismiss has merit.  Plaintiff responds that he has

20   satisfied the notice pleading requirements of Rule 8 which is not

21   particularly helpful either.  Because this is defendants' motion

22   and defendants have not substantiated this basis for dismissal

23   for failure to state a claim, the court denies defendants' motion

24   to dismiss on this ground.

25         3.  <u>Failure to State California Claims</u>.

26      In this section of defendants' motion defendants set forth a

series of legal conclusions for the proposition that plaintiff

has failed to state claims for relief under California law.

Thus, for example, defendants contend that an arrest based

on probable cause or a temporary detention for reasonable

investigation based on a reasonable belief connecting the suspect

with criminal activity is not unlawful.

That is the law but such a statement does not demonstrate

that the Complaint does not state a claim upon which relief can

be granted because it assumes that plaintiff's detention and

arrest was lawful.

Defendants further contend that, to the extent the Complaint

alleges or implies that plaintiff had the right to resist arrest

by failing to comply with the officers' order to sit down and by

stiffening his arm when the officers were attempting to handcuff

him, the Complaint is not actionable under California law.  In so

contending, defendants refer the court to California Penal Code §

834a:

> If a person has knowledge, or by the exercise
> of reasonable care, should have knowledge,
> that he is being arrested by a peace officer,
> it is the duty of such person to refrain from
> using force or any weapon to resist such
> arrest.

The law in California is that a person may not use force to

resist any arrest or detention, lawful or unlawful, except that

he may use reasonable force to defend life and limb against

excessive force.  People v. Curtis, 70 Cal.2d 347, 357 (1969);

Evans v. City of Bakersfield, 22 Cal.App.4th 321, 326-333 (1994).

8

Because the Complaint alleges that the force used against plaintiff was excessive, defendants' reliance on Section 834a in contending that plaintiff has not stated a claim upon which relief can be granted is misplaced.

Defendants assert that Officers Campos and Manning are entitled to immunity from liability under state law for alleged torts in connection with the detention and arrest of plaintiff. In so arguing, defendants refer the court to California Government Code § 820.2:

> Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission whether the act or omission was the result of the exercise of discretion vested in him, whether or not such discretion be abused.

The court is also referred to California Government Code § 820.4:

> A public employee is not liable for his act or omission exercising due care, in the execution or enforcement of any law.

However, police officers are not immune from liability under state law from claims for false arrest or false imprisonment or from claims of excessive force. <u>Robinson v. Solano County</u>, 278 F.3d 1007, 1016 (9th Cir. 2002). Therefore, to the extent that defendants seek dismissal of the state law claims on this ground, the motion is denied.

4. <u>Fresno Police Department as Defendant</u>.

Defendants move to dismiss the Fresno Police Department as a named defendant in this action because it is not a separate legal entity but, rather, a subdivision of defendant City of Fresno.

9

1    Plaintiff not responding to this assertion, the court

2  assumes that plaintiff concedes that the proper defendant is the

3  City of Fresno.

4        C.  <u>Section 1983 Violations</u>.

5            1.  <u>Failure to Specifically Allege Which Defendant Shot

6  Plaintiff With Taser</u>.

7        Defendants move to dismiss the causes of action alleged for

8  violation of Section 1983 because the Complaint does not identify

9  specifically whether he was tasered by Officers Campos, Manning,

10  or one of the eight unidentified patrol officers referenced in

11  paragraph 23 of the Complaint.  Defendants assert:

12            The complaint must allege in specific terms
             how each named defendant is involved, and how
13            each named Plaintiff has been harmed.  There
             can be no liability under ... section 1983
14            unless there is some affirmative link or
             connection between a defendant's actions and
15            the claimed deprivation ... In a
             constitutional claim with multiple
16            defendants, a plaintiff must, in his
             complaint, set forth specific information as
17            to 'which wrongs were committed by which
             defendants.' ....
18
19        The court does not agree with defendants' position in a

20  situation where a plaintiff does not know which defendant

21  actually shot him with the taser.  The Ninth Circuit allows the

22  use of Doe defendants in a situation where the identity of the

23  alleged defendant is not known prior to filing the Complaint.  In

24  such a situation, the plaintiff should be given the opportunity

25  through discovery to identify the unknown defendant, unless it is

26  clear that discovery would not uncover the identities or that the

1  Complaint will be dismissed on other grounds.  <u>Wakefield v.</u>

2  <u>Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999).  Therefore,

3  defendants' motion is denied on this ground.

4        2.  <u>Respondeat Superior Liability/Failure to Plead</u>

5  <u>Monell Claim Against City of Fresno</u>.[2]

6        Defendants move to dismiss the Complaint on the ground that

7  it does not validly allege liability against the City of Fresno.

8        A supervisor is only liable for constitutional violations of

9  his subordinates if the supervisor participated in or directed

10  the violations, or knew of the violations and failed to act to

11  prevent them.  There is no respondeat superior liability under

12  Section 1983.  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir.

13  1989).  The City cannot be held liable for the alleged violations

14  of plaintiff's civil rights in the absence of an allegation that

15  plaintiff was deprived of his rights pursuant to official policy

16  or custom.  <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658

17  (1978).

18        Here, the only allegation in the Complaint that appears to

19  pertain to <u>Monell</u> is:

20            44.  Defendants CITY OF FRESNO and DOE ONE,

21  _____

22  [2]Plaintiff has submitted with his opposition to this motion
   exhibits critical of the tazer training given to Fresno Police
   officers in response to defendants' contention that he has not

23  sufficiently alleged a claim against the City of Fresno under
   <u>Monell</u>.  A motion to dismiss for failure to state a claim under

24  Rule 12(b)(6) must be converted to a motion for summary judgment
   under Rule 56 if "matters outside the pleading are presented to and

25  not excluded by the court".  However, because the court does not
   consider these exhibits in resolving the motion, the court does not

26  convert the motion to one for summary judgment.

the supervisory officers or agents of the
CITY OF FRESNO, are directly liable and
responsible for the acts of the
aforementioned CITY OF FRESNO police
officers, because they repeatedly, knowingly
and with deliberate indifference failed to
enforce the laws of the State of California
and the regulations of the CITY OF FRESNO
police department pertaining to the proper
arrest of persons on probations [sic].

From plaintiff's reference to <u>City of Canton v. Harris</u>, 489 U.S. 378 (1989), in his opposition to this motion, it appears that he intends to base his <u>Monell</u> claim against the City of Fresno on a failure to train. However, paragraph 44 does not clearly allege that this is the basis of the claim. In the Ninth Circuit, an allegation based on nothing more than a bare averment that the officials' conduct conformed to official policy, custom, or practice suffices to state a claim under Section 1983. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 624 (9th Cir. 1988); <u>Shah v. County of Los Angeles</u>, 797 F.2d 743, 747 (9th Cir. 1986); <u>Guillory v. County of Orange</u>, 731 F.2d 1379, 1382 (9th Cir. 1984). If plaintiff intends to proceed against the City of Fresno under Section 1983, the Complaint must be amended to more clearly allege the <u>Monell</u> claim based on the failure to train.

3.   <u>Failure to State a Claim for Unlawful Detention</u>.

Defendants argue that the allegations of the Complaint do not suffice to state a claim based on unlawful detention in violation of plaintiff's constitutional rights.

In so arguing, defendants note the Fourth Amendment requires

12

that detention be supported by facts and inferences that support a reasonable suspicion that the person detained may be involved in criminal activity. <u>Terry v. Ohio</u>, 392 U.S. 1, 30 (1968). The Fourth Amendment requires only reasonable suspicion in the context of investigative traffic stops. <u>United States v. Lopez-Soto</u>, 205 F.3d 1101, 1104-1105 (9th Cir. 2000). An investigative stop is not subject to strict time limitations as long as the officer is pursuing the investigation in a diligent and reasonable manner, <u>United States v. Sharpe</u>, 470 U.S. 675, 686-687 (1985), and a police officer can ask a driver to step out of the vehicle pursuant to a valid traffic stop. <u>Pennsylvania v. Mimms</u>, 434 U.S. 106, 111 (1977).

Noting that the Complaint alleges that the officers told plaintiff that they were detaining him because a "tipster" had informed them that plaintiff had made an unsafe lane change while operating the chartered bus, defendants argue that these allegations, when combined with the law cited above, establish as a matter of law that the detention of plaintiff was not a violation of the Fourth Amendment.

The court does not agree. That the Complaint alleges what the officers <u>told</u> plaintiff does not establish that was in fact the reason for the detention.

Therefore, the motion to dismiss on this ground is denied.

    4.   <u>Failure to State a Claim for Excessive Force</u>.

Defendants further argue that the Complaint does not allege facts sufficient to establish that excessive force was used

13

1  against plaintiff.

2      Under the Fourth Amendment, police may use only such force

3  as is "'objectively reasonable' in light of the facts and

4  circumstances confronting them, without regard to their

5  underlying intent or motivation." Graham v. Connor, 490 U.S.

6  386, 397 (1989).  All determinations of unreasonable force "must

7  embody allowance for the fact that police officers are often

8  forced to make split-second judgments - in circumstances that are

9  tense, uncertain, and rapidly evolving - about the amount of

10  force that is necessary in a particular situation." Graham v.

11  Connor, id. at 396-397.  As the Supreme Court explained:

12      [I]ts proper application requires careful
        attention to the facts and circumstances of
13      each particular case, including the severity
        of the crime at issue, whether the suspect
14      poses an immediate threat to the safety of
        the officers or others, and whether he is
15      actively resisting arrest or attempting to
        evade arrest by flight ....
16
        The 'reasonableness' of a particular use of
17      force must be judged from the perspective of
        a reasonable officer on the scene, rather
18      than with the 20/20 vision of hindsight ...
        With respect to a claim of excessive force,
19      the same standard of reasonableness at the
        moment applies: 'Not every push or shove,
20      even if it may later seem unnecessary in the
        peace of a judge's chambers,' ... violates
21      the Fourth Amendment.

22  Id. at 396.  Reasonableness traditionally is a question of fact

23  for the jury.  Id.

24      Defendants argue that they are entitled to dismissal of

25  plaintiff's excessive force case for failure to state a claim

26  under Rule 12(b)(6):

14

> Only after Plaintiff was lawfully stopped on
> reasonable suspicion for a traffic violation,
> proffered a temporary license, twice refused
> to comply with verbal instructions to be
> seated and Plaintiff 'resisted' being
> handcuffed, was Plaintiff tasered one time.
> These facts as pleaded by Plaintiff do not
> give rise to a civil rights violation.

Plaintiff responds that defendants are improperly asking the court to resolve this factual determination.  Plaintiff asserts that he will produce in discovery evidence that shows "1) contradictory statements in the respective reports of Defendants Campos and Manning; 2) numerous credible, elderly, God fearing witnesses who can attest to the repulsive and otherwise intimidating behavior of Campos and Manning towards Plaintiff and witnesses."  Plaintiff contends:

> The strength of Plaintiff's case are the
> police reports and the sheer number of
> witnesses present at the time of the incident
> in question – without them, Plaintiff would
> regretfully have to rely on a 'he said she
> said' case.  But this is not the case.

The court denies defendants' motion to dismiss the excessive force claim because the reasonableness of defendants' action in shooting plaintiff with the taser under the circumstances alleged in the Complaint is a question of fact.

   5.  <u>Qualified Immunity</u>.

Defendants contend that Officers Campos and Manning are entitled to qualified immunity from liability for damages under Section 1983.

The Ninth Circuit employs a three-part test to determine whether an individual is entitled to qualified immunity.  First,

15

the specific right allegedly violated must be identified.

Secondly, it must be determined whether that right was so clearly

established as to alert a reasonable officer to its

constitutional parameters.  Third, if the law is clearly

established, it must be determined whether a reasonable officer

could have believed lawful the particular conduct at issue.

Kelly v. Borg, 60 F.3d 664, 666 (9th Cir. 1995).  The plaintiff

in a Section 1983 action bears the burden of proving that the

right allegedly violated was clearly established at the time of

the officer's allegedly impermissible conduct.  Camarillo v.

McCarthy, 998 F.2d 638, 640 (9th Cir. 1993).  A law is "clearly

established" when "the contours of that right [are] sufficiently

clear that a reasonable officer would understand that what he is

doing violates that right."  Anderson v. Creighton, 489 U.S. 635,

640 (1987).  To demonstrate clearly established law at the time

of the events in question, the plaintiff

> 'must show that the particular facts of [the]
> case support a claim of clearly established
> right.' ... This does not mean that the
> 'exact factual situation' of [the case] must
> have been previously litigated ...
> '[S]pecific binding precedent is not required
> to show that a right is clearly established
> for qualified immunity purposes.' ... Absent
> binding precedent, 'a court should look at
> all available decisional law including
> decisions of state courts, other circuits,
> and district courts to determine whether the
> right was clearly established.' ...
> Nonetheless, '[t]he contours of the [clearly
> established] right must be sufficiently clear
> that a reasonable official would understand
> that what he is doing violates that right.'
> ....

1  <u>Doe By and Through Doe v. Petaluma City School Dist.</u>, 54 F.3d

2  1447, 1450 (9th Cir. 1995).  In <u>Saucier v. Katz</u>, 533 U.S. 194

3  (2001), the Supreme Court set forth a two-pronged inquiry to

4  resolve all qualified immunity claims.  First, "taken in the

5  light most favorable to the party asserting the injury, do the

6  facts alleged show the officers' conduct violated a

7  constitutional right?"  <u>Id</u>. at 201.  Second, if so, was that

8  right clearly established?  <u>Id</u>.  "The relevant, dispositive

9  inquiry in determining whether a right is clearly established is

10 whether it would be clear to a reasonable officer that his

11 conduct was unlawful in the situation he confronted."  <u>Id</u>. at

12 202.  This inquiry is wholly objective and is undertaken in light

13 of the specific factual circumstances of the case.  <u>Id</u>. at 201.

14      Although defendants' brief sets forth the legal standards

15 upon which a determination of qualified immunity is made, there

16 is no discussion or analysis in their brief why these officers

17 should be entitled to qualified immunity under the allegations of

18 the Complaint.  However, plaintiff's opposition also is of no

19 assistance to the court in resolving this issue:

20          Defendants correctly state that 'officers
           performing discretionary duties have
21          qualified immunity, which shields them from
           "civil damages liability **as long as their**
22          **actions could reasonably have been thought**
           **consistent with the rights they are alleged**
23          **to have violated.**"' ....

24          Whether Officers Campos and Manning
           reasonably thought their actions consistent
25          with the rights they are alleged to have
           violated is question [sic] of fact and as
26          such, this is not the proper forum for this

17

1    determination.

2        It is clear from plaintiff's response that he does not

3    understand the inquiry that must be conducted when the issue of

4    qualified immunity is raised.  Plaintiff has the burden of

5    establishing that the conduct or action in question violated a

6    clearly established constitutional right.  Plaintiff does not

7    even begin to attempt to discuss this factor.  The only situation

8    in which disputed facts might preclude a determination of

9    qualified immunity is when the determination of the objective

10   reasonableness of the officers' conduct turns on disputed facts.

11   See Wilkins v. City of Oakland, 350 F.3d 949, 955-956 (9th Cir.

12   2003), cert. denied, ___ U.S. ___, 125 S.Ct. 43 (2004).

13       The threshold issue is whether the stop of plaintiff was

14   based on reasonable suspicion.  The Complaint alleges that

15   plaintiff was stopped because a 'tipster' had informed the police

16   officers that the he had seen Plaintiff conduct an unsafe lane

17   change.  From the court's research, a traffic stopped based

18   solely on this kind of tip does not support a finding of

19   reasonable suspicion.  See Florida v. J.L., 529 U.S. 266, 270-271

20   (2000).  Therefore, if the allegation in the Complaint is proved,

21   the officers violated plaintiff's constitutional right under the

22   Fourth Amendment by stopping him, which right is clearly

23   established by Supreme Court authority of which a reasonable

24   officer would have known.  Because of this conclusion, the court

25   must deny qualified immunity at this stage of the litigation to

26   the officers for plaintiff's subsequent arrest and the use of

18

1  force in effecting plaintiff's arrest.[3]

2         6.  <u>Adequacy of Pleading of Conspiracy</u>.

3      Although there is no separate cause of action for violation

4  of 42 U.S.C. § 1985, the jurisdictional allegation of the

5  Complaint alleges that it is brought pursuant to Section 1985 as

6  well as other civil rights acts.  The First Cause of Action

7  contains the following allegation:

8              Plaintiff further alleges that Defendants
             CAMPOS and MANNING conspired with one another
9              to enter into an agreement with the intent to
             commit wrongful acts: violations of the
10             Fourth Amendment to the United States
             Constitution, Article One, Sections One and
11             Seven of the California Constitution, and
             California Civil Code Sections § 43 and §
12             52.1 [sic].  Defendants MANNING, CAMPOS, CITY
             OF FRESNO, and each of them, committed
13             wrongful acts in furtherance of the
             conspiracy, causing Plaintiff to sustain
14             injury and damages.  Plaintiff RIOS further
             alleges that the act or acts of one
15             conspirator pursuant to or in furtherance of
             the common design of the conspiracy is the
16             act of all conspirators.  The acts in
             furtherance of the conspiracy as set forth
17             herein in this FIRST CAUSE OF ACTION.

18  The Second Cause of Action and the Fourth Cause of Action contain

19  essentially the same allegation, except that the City of Fresno

20  is not named as a conspirator in those causes of action.

21      If plaintiff intended in this Complaint to state a claim for

22  relief pursuant to Section 1985(3), the Complaint does not do so.

23   In order to state a claim upon which relief can be granted under

24  _____

25      [3]In denying the motion to dismiss on the ground of qualified
   immunity, the court is expressing no opinion whether defendants
   will be entitled to qualified immunity at summary judgment or
26  trial.

Section 1985(3), a plaintiff must allege the following four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

United Bhd. of Carpenters v. Scott, 463 U.S. 825, 828-829 (1983). The second of these four elements requires that in addition to identifying a legally protected right, that the Amended Complaint allege that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Trerice v. Pedersen, 769 F.2d 1398, 1402 (9th Cir. 1985). "A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988).

Nothing in the Complaint satisfies these requirements. Therefore, to the extent that plaintiff is attempting to plead a conspiracy pursuant to Section 1985(3), the Complaint is dismissed with leave to amend.

Defendants also argue that the allegations of conspiracy do not suffice to state a claim, relying on Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1301-1302 (9th Cir.

1  1999).  However, this case involved a review of summary judgment

2  and does not set forth the pleading required to state a claim for

3  conspiracy.  Because the Supreme Court and the Ninth Circuit have

4  made clear that heightened pleading standards no longer apply and

5  that the sufficiency of the allegations are governed the

6  standards applicable to Rule 8 and Rule 12(b)(6), the court does

7  not dismiss these conspiracy allegations to the extent that they

8  are not intended to state a claim for relief under Section

9  1985(3).[4]

10  ACCORDINGLY:

11  1.  Defendants' Motion to Dismiss or For More Definite

12  Statement is granted in part and denied in part.

13  2.  Plaintiff shall file a First Amended Complaint in

14  accordance with this Order within 30 days of the filing date of

15  this Order.  Failure to timely comply will result in the

16  dismissal of this action.

17  IT IS SO ORDERED.

18  **Dated:  July 25, 2005**          **/s/ Robert E. Coyle**

19  668554                          UNITED STATES DISTRICT JUDGE

20

21

22

23

24  [4]Defendants alternatively move for a more definite statement
    "based on the vagueness of the allegations and the indefiniteness
25  of the material claims".  However, the Complaint is clear enough
    for defendants to file an answer.  Therefore, defendants' motion
26  for more definite statement is denied.

21